CARLOS RUBINO, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 468, 2008.
Supreme Court of Delaware.
Submitted: October 17, 2008
Decided: January 15, 2009
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 15th day of January 2009, after careful consideration of appellant's opening brief and the State's motion to affirm, it appears to the Court that:
(1) The appellant, Carlos Rubino, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Rubino's opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Rubino pled guilty in October 2006 to one count of trafficking in cocaine. In exchange for Rubino's plea, the State dismissed other charges against him. The Superior Court immediately sentenced Rubino to ten years at Level V incarceration, to be suspended after serving four years for decreasing levels of supervision. Rubino did not file an appeal. Instead, he filed three unsuccessful motions seeking modification of his sentence. On August 15, 2008, he filed his first motion for postconviction relief, which the Superior Court denied. This appeal followed.
(3) In denying postconviction relief, the Superior Court noted that Rubino's conviction became final in November 2006, thirty days after he was sentenced and his appeal time expired.[1] Pursuant to Superior Court Criminal Rule 61(i)(1), Rubino had one year from that date to file for postconviction relief. He did not. Instead, Rubino waited until August 2008 to file for postconviction relief, which was nearly two years after his conviction became final. His motion, therefore, was time-barred. The Superior Court found that Rubino had failed to overcome the one-year statute of limitations because his petition did not raise a colorable claim of a miscarriage of justice due to a constitutional violation that called into question the integrity of the process leading to his convictions.[2]
(4) After careful review of the record, we agree with the Superior Court's conclusion. The gist of Rubino's claim of ineffective assistance of counsel is that he did not understand that, by entering a guilty plea, he was waiving his right to pursue his suppression motion. The record, however, clearly reflects that Rubino knew that his plea constituted a waiver of the issues raised in the suppression motion.[3] In all other respects, Rubino's guilty plea colloquy was regular on its face and establishes that Rubino entered a knowing, voluntary, and intelligent guilty plea. Accordingly, the Superior Court did not abuse its discretion in concluding that Rubino's motion for postconviction relief was time-barred and that Rubino had failed to raise a colorable claim of a constitutional violation sufficient to overcome that procedural hurdle.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Del. Super. Ct. Crim. R. 61(m)(1) (2009).
[2] See Del. Super. Ct. Crim. R. 61(i)(5) (2009).
[3] Hearing tr. at 4 (Oct. 3, 2006).